UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theron Johnny Maxton, # 85599-071, | ) C/A No. 9:11-1403-DCN-BM |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| Director South Carolina Department of Corrections, *in his individual capacity*, | ) |
| Defendant. | ) |

Plaintiff, a *former* inmate of the South Carolina Department of Corrections, is a federal inmate at "USP Florence High" in Florence, Colorado. This civil rights action arises out of the loss of Plaintiff's personal property when he was transferred from state to federal custody in 2008. Plaintiff indicates that the "SCDC" has refused to send him his "Personal Property." In his prayer for relief, Plaintiff seeks return of his property *or* two million dollars; "$300,00 [*sic*] Dollars" for the letters written by Plaintiff, to which the SCDC never responded; $11,000 for pain and suffering; and payment of court costs.

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g), which provides:



> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff does not allege that he is under imminent danger of serious physical injury.

The "three-strikes" rule was enacted to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. It can be judicially noticed that Plaintiff has filed more than three (3) prior frivolous cases in this Court, which have been deemed "strikes."[1] Not only can it be judicially noticed that Plaintiff has filed more than three (3) prior frivolous cases in this district court, but a specific order to this effect has been issued in two of Plaintiff's prior civil actions. *See* Final Order of the Honorable Charles E. Simons, Jr., Senior United States District Judge, issued on December 22, 1997, in *Maxton v. Brown, et al.*, Civil Action No. 0:96-3450-06BD, where Judge Simons found that Plaintiff had filed three or more frivolous cases. Plaintiff's subsequent appeal (Fourth Circuit Docket No. 98-6061) was dismissed under Fourth Circuit Rule 45 by the United

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'"), which quotes *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

2



States Court of Appeals for the Fourth Circuit on April 9, 1998. Plaintiff's numerous "strikes" were also judicially noticed in the Final Order of the Honorable David C. Norton, United States District Judge, in *Theron Johnny Maxton v. Tyrone Murray, et al.*, Civil Action No. 0:00-3343-18BD, on November 16, 2000:

> Mr. Maxton is the strikeout king of South Carolina. He has more strikeouts than Nolan Ryan. In the past decade Plaintiff has filed over one hundred separate cases, most of which have been determined to be frivolous.

(Order of Judge Norton in Civil Action No. 0:00-3343-18BD, at second page). Plaintiff filed a Notice of Appeal in Civil Action No. 0:00-3343-18BD, but the United States Court of Appeals for the Fourth Circuit dismissed the appeal on January 8, 2001 (Fourth Circuit Docket No. 00-7730) pursuant to Fourth Circuit Rule 45.[2]

Hence, in order to proceed without payment of the filing fee and other court costs, Plaintiff must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir. 2001); and *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). Plaintiff cannot satisfy the exception for imminent physical harm because the loss of his property took place in February of 2008, more than three years prior to the delivery of the pleadings in this case to federal prison officials for mailing. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* should be denied, and the Complaint should be dismissed *without prejudice* unless he pays the full filing fee of three hundred fifty dollars ($350).

---

[2]None of these dismissals were without prejudice for failure to state a claim. Hence, it is not necessary to reevaluate these closed cases under the holdings in *Tolbert v. Stevenson*, 635 F.3d 646 (4th Cir. 2011), or *McLean v. United States*, 566 F.3d 391 (4th Cir.2009) (refusing to treat a dismissal without prejudice for failure to state a claim as a strike).



*Recommendation*

Accordingly, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that the Court give Plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, in which event this matter can be returned to the undersigned magistrate judge to conduct a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. However, if Plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by a self-executing Order or by additional Order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the Notice on the next page.

_____

June 17, 2011                              Bristow Marchant
Charleston, South Carolina        United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).